UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STAFF PRO, LLC                           CIVIL ACTION

VERSUS                                   NO: 21-02005

K.C. STAFFING LLC, et al.                SECTION: T (3)

**ORDER**

Before the Court is a Motion to Set Aside the Entry of Default by the Clerk and a Motion for Leave to File an Answer Out of Time filed by Defendants.[1] Plaintiff has filed an opposition.[2] For the reasons set forth below, the Court will DENY the Motion to Set Aside Entry of Default and the Motion for Leave to File an Answer.

Plaintiff filed its complaint against Defendants on November 1, 2021.[3] Plaintiff filed its First Amended Complaint on December 2, 2021. And most defendants were served with their answers due by January 3, 2022.[4] On December 17, 2022, Plaintiff filed an objection on the record to any extensions of time to answer pursuant to Local Rule 7.8.[5] On January 7, 2022, this Court issued a Rule to Show Cause why, absent an appearance by the defendants or Plaintiff moves for entry of default, the defendants should not be dismissed for failure to prosecute.[6] Thereafter, Plaintiff moved for entry of default, which was issued by the Clerk of Court on January 14, 2022.[7]

---

[1] R. Doc. 36.
[2] R. Doc. 44.
[3] R. Doc. 1.
[4] *See* R. Docs. 21, 22, 23, 25, and 26.
[5] R. Doc. 24. Plaintiff alleged that defendants had attempted to avoid service.
[6] R. Doc. 28.
[7] R. Doc. 31.

1

In the meantime, according to Defendants' counsel, he was retained on January 20, 2022, and obtained the permission of Plaintiff's counsel to file an answer on or before January 24, 2022. However, Defendants' counsel was not able to make that deadline and unsuccessfully sought to contact opposing counsel to obtain a one-day extension. Defendants filed their admittedly barebones answer on January 25, 2022.[8] In quick succession, Plaintiff moved to strike the answer[9] and moved for entry of default judgment.[10] Thereafter, Defendants filed the instant motions to set aside the default and for leave to file their answer.[11]

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default if the party seeking relief shows good cause. "The decision to set aside a default decree lies within the sound discretion of the district court."[12] In determining whether "good cause" exists, the Court may consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the opposing party; and (3) whether the movant presents a meritorious defense.[13] "The district court need not consider all of these factors."[14] As such, "[a] finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding."[15] Nevertheless, in this district, the courts

---

[8] R. Doc. 32.
[9] R. Doc. 34.
[10] R. Doc. 35.
[11] R. Doc. 36.
[12] *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).
[13] *UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 288 (5th Cir. 2018); *see also In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). These three factors are not exclusive, and courts have relied on other factors to determine whether "good cause" exists, such as: (1) whether the public interest was implicated; (2) whether there was a significant financial loss to defendant; and (3) whether the defendant acted expeditiously to correct the default. *Id.* (internal citations omitted).
[14] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).
[15] *UnitedHealthcare Ins. Co.*, 724 F. App'x at 288.

have cautioned that "these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored."[16]

"Under Rule 6(b)(1)(B), … the court can extend a deadline on motion made after the time has expired if the party failed to act because of excusable neglect."[17] Relevant circumstances the court can consider are "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[18]

First, Plaintiff argues the defendants acted willfully in failing to respond to the lawsuit. Plaintiff contends the defendants received ample notice of the lawsuit, at least as early as November 2, 2021, and points to significant correspondence between Plaintiff's attorney and the defendants. Plaintiff counters the defendants' argument that they were not native English speakers and were unfamiliar with the procedures in Federal court by noting that Defendant K.C. Staffing LLC and its principle had been sued in Federal court as recently as 2017. Plaintiff points out that Defendants acted only after the entry of default against them, when they had taken no actions to resolve the matter prior to the Clerk's entry of default. Second, Plaintiff also contends that it will be prejudiced because it could result in the loss of evidence, increased difficulties in discovery, and greater opportunities for fraud. Plaintiff contends that, despite having notice of their preservation obligations, at least one defendant deleted all data from his company-issued computer

---

[16] *Lambert v. Bd of Comm'rs of the Orleans Levee District*, No. 05-5931, 2006 WL 1581262, at *2 (E.D. La. June 7, 2006) (Vance, C.J.) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).
[17] *United States v. $229,590.00 in U.S. Currency Seized from a Safe in the Home of Dallas Cty. Com'r Price*, No. 3:12-CV-0893-D, 2013 WL 625742, at *2 (N.D. Tex. Feb. 20, 2013).
[18] *Id.*

3

and cell phone, which raises the likelihood that Defendants could have destroyed other discoverable materials. Plaintiff also suggests that some of the defendants reside together and that they apparently attempted to avoid service. Plaintiff has alleged a conspiracy among the defendants based on their mutual agreement to solicit customers and clients on behalf of K.C. Staffing. Third, Plaintiff alleges Defendants have failed to put forth any meritorious liability-related defenses against Plaintiff's claims. At most, Plaintiff argues, Defendants assert, without factual basis, that Plaintiff fails to state a claim upon which relief could be granted.

Having considered the parties' respective arguments, the Court will deny Defendants' motions. Although the Court acknowledges that counsel for Plaintiff apparently agreed to allow defense counsel additional time in which to file an answer, it appears that the defendants themselves have been less than diligent in responding to Plaintiff's suit, only retaining counsel after the default judgment was entered. In the end, Plaintiff has made a reasonable showing that it will be prejudiced if the entry of the default judgment is set aside and Defendants are allowed to file their answer out of time. And quite tellingly, Defendants have demonstrated little in the way of meritorious defenses to Plaintiff's allegations. Accordingly,

**IT IS ORDERED** that the Motion to Set Aside the Entry of Default by the Clerk and the Motion for Leave to File an Answer Out of Time filed by Defendants[19] are DENIED.

**IT IS FURTHER ORDERED** that the Motion to Strike Answer to Amended Complaint (R. Doc. 34) is GRANTED and the Answer is stricken from the record.

**IT IS FURTHER ORDERED** that the Motion for Default Judgment (R. Doc. 35) against K.C. Staffing LLC, K.C. Staffing Solutions, LLC, K.C. Janitorial, LLC, Lorena Maldonado, Renan

---

[19] R. Doc. 36.

Orlando Maldonado Guiterrez, and Victor Sicajau Morales is GRANTED IN PART and Defendants Renan Orlando Maldonado Gutierrez and Victor Sicajau Morales are enjoined from continuing to violate the non-compete and non-solicitation agreements.

New Orleans, Louisiana, this 30th day of September 2022.

*[signature]*
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE