UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STAFF PRO, L.L.C.     CIVIL ACTION

VERSUS     NUMBER: 21-2005

K.C. STAFFING, L.L.C.     SECTION: "T" (5)

## ORDER AND REASONS ON MOTION
## AUGUST 3, 2023

APPEARANCES:

MOTION:

(1)     Plaintiff's Second Motion to Compel Discovery Responses (rec. doc. 108)
(2)     Motion for Attorney's Fees and Costs (rec. doc. 109)

_____ :     Continued to

_____ :     No opposition.

\_\_1, 2\_\_ :     Opposition. (Rec. docs. 112, 113).

## ORDERED

_____ :     Dismissed as moot.

_____ :     Dismissed for failure of counsel to appear.

\_\_1\_\_ :     Granted. The subject discovery requests were propounded by Plaintiff on May 19, 2023, which required a response by June 19, 2023. (Rec. doc. 117). The discovery deadline was June 26, 2023. (Rec. doc. 83). Defendants failed to object or respond to the discovery by the deadline, prompting Plaintiff to attempt a Rule 37 conference on June 26, 2023. It is undisputed that Defendants did not respond to this request either. Defendants now protest – in a one-page opposition memorandum – that because Plaintiff was forced to file its motion to compel after the discovery deadline ran, the motion should be denied. The Court disagrees and will not sanction such inappropriate and disruptive discovery practices. Defendants and their counsel seem to believe they can ignore proper discovery requests, fail to object, and fail to respond to a request for a Rule 37 conference, then seek shelter under the presumptive rule that motions to compel should be decided prior to the discovery deadline in order to be heard. This sort of nonfeasance is anathema to the goals of the Federal Rules of Civil Procedure, especially

    Rule 1, which provides that the Rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendants shall respond fully – without objection of any sort – to the subject discovery requests no later than August 11, 2023. Additionally, Defendants shall pay Plaintiff's reasonable attorney's fees of $750.00 for the filing of this motion, pursuant to Rule 37(a)(5)(A).

__2__ :    Denied. While this Court provided that such a motion could be filed by Plaintiff, it did so in an order dated January 3, 2023. (Rec. doc. 76). Subsequent to that Order, the District Judge issued a Scheduling Order providing that "all pretrial motions" be filed and served in sufficient time to be heard no later than July 5, 2023. (Rec. doc. 83). The present motion was not even filed until after that deadline on July 7, 2023. Unlike the Motion to Compel currently before the Court, Plaintiff has provided no justification whatsoever for the substantial delay in filing this motion. It is therefore denied as untimely.

_____ :    Other.

                   _____
                     MICHAEL B. NORTH
                 UNITED STATES MAGISTRATE JUDGE